UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KEVIN DAUGHERTY, | Case No. 2:21-cv-01723-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| DR. MARK PATTON; TLC BOARD; (First Name Unknown) "FNU" DR. ROBERTS; JANE/JOHN DOES 1-5, | |
| Defendants. | |

AIKEN, District Judge.

Plaintiff, an adult in custody (AIC) at the Deer Ridge Correctional Institution, filed suit under § 1983 and alleged that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. The case has proceeded through the discovery stage and the parties participated in an unsuccessful attempt at mediation. Plaintiff now moves for summary judgment, stating that the records in this case show that there is no issue of material fact for trial with respect to liability. Plaintiff requests that the Court set a trial date with respect to damages.

1 -    OPINION AND ORDER

Plaintiff fails to support his motion with admissible evidence establishing deliberate indifference on the part of Defendants, and his motion is DENIED.

## DISCUSSION

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing the absence of any genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this initial burden is met, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id*.

The court must "draw all reasonable inferences against the party whose motion is under consideration." *Schwabenbauer v. Bd. of Educ.*, 667 F.2d 305, 314 (2d Cir. 1981). The court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations and quotation marks omitted).

Plaintiff contends that Defendants of record, his treating physician Dr. Patton and TLC Board member Dr. Roberts, exhibited deliberate indifference to his serious medical needs by failing to prescribe adequate pain medication and timely surgical intervention for his spine. *See* Am. Compl. at 1-2.

Prison officials and physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To sustain a claim for deliberate

indifference, Plaintiff must establish the existence of "a serious medical need" and show that Defendants' "response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (citation omitted). Deliberate indifference is established when a prison official knew that a prisoner faced a "substantial risk of serious harm" and disregarded that risk by failing to take reasonable measures to abate the risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Prison officials may demonstrate deliberate indifference by denying, delaying, or intentionally interfering with medical treatment, or by the way they provide medical treatment. *Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). Where a plaintiff alleges a delay in receiving medical treatment, the delay must have led to "significant harm." *Hallett*, 296 F.3d at 746. Where a plaintiff alleges inadequate treatment, the plaintiff must set forth sufficient facts suggesting that the treatment provided "was medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to the plaintiff's health. *Hamby v. Hammond*, 821 F.3d 1085, 1094 (9th Cir. 2016) (citation omitted). Importantly, inadequate medical treatment due to negligence or inadvertence does not rise to the level of a constitutional violation. *Gamble*, 429 U.S. at 105-06; *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.").

As Defendants point out, Plaintiff fails to support his motion with any supporting evidence, affidavits, or declarations. Plaintiff apparently relies on evidence he previously submitted into the record, which includes some of his medical records and inmate communications and grievances he filed. *See* Exhibit List and Exhibits (ECF No. 25). This

3 -    OPINION AND ORDER

evidence does not establish, as a matter of law, that the named Defendants acted with the culpable state of mind necessary to establish deliberate indifference. While the evidence reflects a difference of opinion between Plaintiff and some of his medical providers, it does not establish that Plaintiff's treatment was medically unacceptable and chosen in conscious disregard of a known risk of harm. Questions of fact remain and summary judgment is not appropriate based on the current record.

In response to Plaintiff's Motion, Defendants indicate that an outside medical expert has reviewed Plaintiff's records and is providing a written report which will be shared with Plaintiff. Defendants further state that once the expert report is received by Plaintiff, they wish to work toward a negotiated settlement of the case. Defendants request that the parties be permitted to submit another Joint Status and ADR report by November 1, 2024.

I am not inclined to entertain further status reports given the record this case. Plaintiff will be appointed counsel for the purpose of trial or further settlement efforts if counsel for both parties believe additional attempts at settlement would be productive.

Plaintiff also requests that Defendants be compelled to produce a properly formatted DVD of his MRIs. Defendants provided a DVD that was apparently unreadable at DRCI due to the lack of proprietary software required by the imaging company. Defendants also provided hard copies of Plaintiff's imaging, although it is unclear whether Plaintiff received them. Defendants have agreed to request and provide additional hard copies of Plaintiff's MRIs, and I consider the motion to be moot.

## CONCLUSION

Plaintiff's Motion for Summary Judgment (ECF No. 57) is DENIED, and Plaintiff's Motion to Compel Discovery (ECF No. 59) is DENIED as moot based on Defendants'

representations. Plaintiff will be appointed volunteer counsel for the purposes of trial or further settlement efforts.

IT IS SO ORDERED.

DATED this __24th__ of October, 2024.

                                                 /s/Ann Aiken
                                                 ANN AIKEN
                                      United States District Judge